UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JAMES RICHARD NEWLIN,<br><br>    Plaintiff,<br><br>v.<br><br>IDAHO DEPARTMENT OF HEALTH AND WELFARE, et al.,<br><br>    Defendants. | Case No. 2:24-cv-00150-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is Plaintiff James Richard Newlin's ("Newlin") Motion to Set Aside Judgment. Dkt. 47. By way of this motion, Newlin seeks relief from the Court's final judgment entered on July 8, 2024 (Dkt. 46), which dismissed this case following Newlin's voluntary Motion to Dismiss with Prejudice (Dkt. 38). Newlin argues that circumstances have changed since the dismissal, placing him in a better position to pursue certain claims originally raised in the case. Dkt. 47. Defendant Maria Centers filed an objection to Newline's Motion. Dkt. 48. No other Defendant filed a response and Newlin did not reply.

Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). Upon review, the Court finds good cause to DENY Newlin's Motion to Set Aside Judgment.

## II. BACKGROUND

On March 21, 2024, Newlin filed the instant lawsuit alleging various causes of action against the Idaho Department of Health and Welfare, Lakeside Pediatrics, a judge, numerous attorneys, and various individual citizens—including his then-wife Maria Lynn Centers. *See generally* Dkt. 1. The allegations in Newlin's complaint revolved around a domestic dispute with Centers and the care of their minor child. *Id*.

Less than four months later, on July 3, 2024, Newlin filed a Motion to Dismiss his case. Dkt. 38. The Court granted Newlin's Motion on July 8, 2024, and entered judgment the same day. Dkts. 45, 46. Newlin now moves to set aside the judgment, asserting that circumstances have changed since the dismissal. Dkt. 47.

At the time of filing his original suit, Newlin resided in a physiatry residential facility. Dkt. 47-1, at 2. When he later moved to voluntarily dismiss the case with prejudice, he cited mental health strain, a pending divorce trial, and a pending criminal case as reasons for withdrawal. *Id. See also* Dkt. 38, at 2. Specifically, Newlin stated that the litigation had become beyond his mental and physical capacity and that both medical professionals and family members had advised against continuing legal filings. *Id*. The Court granted Newlin's motion and entered judgment accordingly. Dkt. 46.

Following the Court's Judgment on July 8, 2024, Newlin and Centers proceeded with their divorce trial in Kootenai County Magistrate Court on August 23, 2024. Dkt. 47-1, at 3. During the trial, Centers introduced as evidence certain information referenced in Newlin's original complaint in this case. *Id*. The presiding judge cited that information in an oral decision and, as a result, allegedly awarded Centers permanent sole decision-

making authority over their daughter's health and schooling decisions. Dkt. 47-1, at 3.

Newlin now asserts his mental health has stabilized, his divorce has been finalized, and he has signed a Stipulated Order of Continuance in his criminal case. *Id*. He argues that these changes place him in a better position to pursue this case. *Id*.

Additionally, on November 6, 2024, Newlin filed a new complaint in federal Court. That case was assigned to District Judge Amanda K. Brailsford. Case No. 2:24-cv-00539-AKB. Newlin's complaint in that case is very similar to the dismissed complaint in this case except he has only listed Centers and Lakeside Pediatrics. *Compare* Dkt. 1 *with* Dkt. 10 in Case No. 2:24-cv-00539-AKB. Judge Brailsford recently dismissed her case based upon the preclusive effect of the Court's judgment in *this* case and principles of res judicata. *See* Dkt. 33 in Case No. 2:24-cv-00539-AKB.

### III. LEGAL STANDARD

A dismissal with prejudice constitutes a final adjudication on the merits, barring the plaintiff from refiling the same claim against the same defendant and/or relitigating issues already decided. *Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1052 (9th Cir. 2005) (finding dismissal with prejudice was final judgment on merits preventing reassertion of same claim in subsequent action). However, claim preclusion applies only to the same parties or their legal privies. A plaintiff may still pursue the same claim against a different defendant, unless the new defendant is in privity with the original, such as through shared liability or a legal relationship. *Taylor v. Sturgell*, 553 U.S. 880, 893-95 (2008). This finality distinguishes a dismissal with prejudice from a dismissal without prejudice, which allows the plaintiff to refile the case as if it had never been litigated.

While a dismissal with prejudice is final, Federal Rule of Civil Procedure 60(b) allows limited relief from judgment in extraordinary circumstances. Grounds for relief include mistake, newly discovered evidence, fraud, a void judgment, satisfaction of judgment, or other exceptional circumstances. Fed. R. Civ. P. 60(b); *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005). Motions under Rule 60(b)(1)-(3) must be filed within one year after entry of judgment, while those under Rule 60(b)(4)-(6) must be filed within a reasonable time, considering diligence and potential prejudice. Fed. R. Civ. P. 60(c)(1); *Foley v. Biter*, 793 F.3d 998, 1004 (9th Cir. 2015) (holding that Rule 60 "relief may only be granted where the petitioner has diligently pursued review of his claims"). Because Rule 60(b) relief is exceptional, courts construe it narrowly to uphold finality in litigation. *Ackermann v. United States*, 340 U.S. 193, 198 (1950).

## IV. ANALYSIS

Newlin voluntarily dismissed this case with prejudice, meaning the claims are resolved on the merits and cannot be reopened. Under Federal Rule of Civil Procedure 41(a)(2), voluntary dismissals are presumed without prejudice unless otherwise stated. However, in this case, Newlin explicitly requested dismissal with prejudice (Dkt. 38), and the Court granted that request (Dkt. 45). The effect of a dismissal with prejudice is that it acts as a final judgment and cannot be revived or relitigated absent extraordinary circumstances. *See Zapata v. New York*, 502 U.S. 181, 185 (1991) ("A dismissal with prejudice terminates the action and precludes further litigation on the merits"); *Hells Canyon Pres. Council v. United States Forest Serv.*, 403 F.3d 683, 686 (9th Cir. 2005) ("Final judgment on the merits is synonymous with dismissal with prejudice.") (cleaned up). Because Newlin's

MEMORANDUM DECISION AND ORDER - 4

dismissal was voluntary and expressly with prejudice, he is bound by his own request. Allowing him to reopen the case would render the dismissal with prejudice meaningless and undermine the finality of final judgments.

Additionally, Rule 60(b) does not provide a basis for relief under these circumstances. Relief under Rule 60(b) is only available in limited circumstances, such as mistake, fraud, or newly discovered evidence. Newlin does not argue that his dismissal was mistaken, coerced, or induced by fraud. Instead, he primarily argues he is in a better frame of mind to litigate. Dkt. 47-1, at 5. But this is not enough to clear Rule 60's high bar. Newlin also references additional facts in support of his compliant. *Id*. But he states those facts occurred in 2023. *Id*. In other words, those facts were known to him *before* he filed this case and are not "newly discovered" as contemplated for under Rule 60(b)(2).

Finally, Newlin references his new case with Judge Brailsford and confusingly states "the parties have not relied on the finality of the case, as Judgment was only entered in July 2024, and Maria and Kayla never filed motions in the case." *Id*. at 6. The Court is not entirely sure what Newlin means by this. He doesn't need to reopen this case to proceed in that case. To be sure, Judge Brailsford dismissed that case because it was a continuation of this case and legally barred. But Newlin misunderstands the relationship between the two matters. He cannot revive this case simply to save a subsequent lawsuit when he doesn't have a valid reason to reopen this case in the first instance. That would be circular. Said another way, Rule 60 requires that Newlin have an independently valid reason to set aside the Court's judgment and reopen this case, not just that he wants to file a new lawsuit and avoid the doctrine of res judicata. Again, if the Court were to allow such a practice, it would

thwart the rules of evidence and longstanding caselaw regarding the finality of cases and instances when a new lawsuit could be brought.

In sum, Newlin's motion to set aside judgment (Dkt. 47) is DENIED.

## V. ORDER

Therefore, the Court HEREBY ORDERS:

1. Newlin's Motion to Set Aside Judgment (Dkt. 47) is DENIED.

DATED: February 26, 2025

_____
David C. Nye
Chief U.S. District Court Judge